# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| EMMA WELLS | CIVIL ACTION NO. |
|---|---|
| VERSUS | |
| ALLSTATE INSURANCE COMPANY | 20-44-SDD-EWD |

## NOTICE AND ORDER

This is a civil action involving contractual claims for property damage allegedly sustained by Emma Wells ("Plaintiff") in East Baton Rouge Parish, Louisiana. Specifically, Plaintiff alleges that on June 20, 2017, her home and the contents therein were significantly damaged by a grease fire. Plaintiff alleges that she maintained a policy of insurance in the amount of $160,000 for dwelling coverage. Plaintiff states her insurer, Allstate Insurance Company ("Allstate"), ultimately tendered $129,463.35 for dwelling coverage and tendered an amount for living expenses to cover only one month's hotel stay, which amounts were not sufficient to cover her home remodeling and living expenses.[1]

On June 28, 2019, Plaintiff filed her Petition for Damages ("Petition") against Allstate in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, alleging that Allstate breached its insurance contract with her in bad faith, and seeking damages.[2] On January 22, 2020, Allstate removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1, ¶¶ 5-6, 8, 10-11, 15, 17-18, 21, 31.
[2] R. Doc. 1-3, pp. 9-13.
[3] R. Doc. 1, ¶ V.

The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana and Allstate is a Illinois corporation with its principal place of business in Illinois; therefore, complete diversity of citizenship appears to exist.[4]

It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that the applicable insurance policy had a limit of $160,000 for dwelling contents, and Allstate tendered $129,463.35 of the policy, leaving a balance on the potential policy limits owed/recoverable depreciation of approximately $30,536, which falls far short of the jurisdictional threshold.[6] While Plaintiff seeks bad faith breach of contract damages/penalties pursuant to La. R.S. 22:1892[7] or La. R.S. 22:1973,[8] (which claims are considered in determining the amount in controversy),[9] even with these additional damages it is not clear that Plaintiff's claims will likely exceed the jurisdictional threshold.[10] The Petition also does not indicate the amount Plaintiff seeks to recover for additional living expenses, costs, or fees.[11] Plaintiff's other boilerplate allegations of damages, *e.g.*, diminution of the value of the property, Allstate's failure to timely initiate loss adjustment, misrepresentation of the policy terms, and negligent claims adjusting practices, *etc.* are also

---

[4] R. Doc. 1, ¶ VI.
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-3, ¶¶ 15, 17, 22, 30.
[7] La. R.S. § 22:1892 states that if an insurer fails to pay a claim within 30 days of receiving satisfactory proof of loss, and that failure is found to be arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of 50% of the amount found to be due under the insurance contract, as well as reasonable attorney's fees and costs.
[8] La. R.S. § 22:1973 provides that if an insurer fails to pay a claim within 60 days of satisfactory proof of loss and that failure is arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of two times the damages sustained or five thousand dollars, whichever is greater, as a result of the insurer's breach of its duty of good faith. "[A] plaintiff cannot recover penalties under both La. R.S. § 22:1973 and 22:1892 for the same conduct; rather, a plaintiff recovers the higher penalty." *Milner v. Farmers Insurance Company of Oregon*, No. 16-6754, 2016 WL 7473851, at *4 (E.D. La. Dec. 29, 2016) (citing *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000)).
[9] *Nunnery v. 21st Century Centennial Ins. Co.,* No. 18-447-SDD-EWD, 2018 WL 6615092, at *4 (M.D. La. Nov. 16, 2018), *report and recommendation adopted,* No. 18-447-SDD-EWD, 2018 WL 6615023 (M.D. La. Dec. 17, 2018).
[10] Assuming the "amount found to be due under the insurance contract" is $30,536, statutory bad faith penalties under La. R.S. 22:1892 appear to be about $15,000, for a total amount in controversy of about $45,000, plus costs and attorney's fees, which still falls short of the jurisdictional threshold. Because the "damages sustained" is currently unknown, bad faith statutory damages under La. R.S. 22:1973 are not estimable.
[11] R. Doc. 1-3, ¶¶ 18, 36, 68.

2

insufficient. "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12]

Notably, in the Notice of Removal, Allstate alleges that it received Plaintiff's responses to Allstate's discovery requests and a settlement demand letter from Plaintiff on December 27, 2019, and that:

> Based upon those responses and the detailed settlement letter which outlined their claim for damages which accompanied those answer (sic), [Allstate] believes upon information and belief that the amount in controversy exceeds the amount necessary for exercise of Federal Diversity Jurisdiction, as the claim by claimant is believed to exceed $75,000 dollars, exclusive of cost and interest…as plaintiff will contend she is entitled to damages in excess of that amount.[13]

However, Allstate did not attach Plaintiff's discovery responses or the settlement demand letter to the Notice of Removal.

Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[14]

Accordingly,

---

[12] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[13] R. Doc. 1, ¶ III.
[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS ORDERED** that on or before **January 31, 2020** Allstate Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **February 7, 2020** Emma Wells shall file either: (1) a Notice stating that she does not dispute that Defendant has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on January 23, 2020.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**